IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JAMES WILLIAM HALL,** | ) CASE NO.  5:24 CV 822 |
| **Plaintiff,** | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| **ANTHONY BOARD, et. al.,** | ) |
| | ) **MEMORANDUM OPINION** |
| **Defendants.** | ) **AND ORDER** |

## I. Introduction

*Pro se* plaintiff James William Hall filed this action under 42 U.S.C. § 1983 against Anthony Board; Anthony Board, Jr.; Attorney Hanne-Lore Gambrell; the Ohio Court of Claims; Barberton Municipal Court; Barberton Municipal Court Judge Todd McKenney[1]; Barberton Municipal Court Magistrate Andrew Peck; Barberton Municipal Court, Clerk of Court, Katie Reed; and Barberton Municipal Court, Deputy Clerks of Court, Ashley Carr and Donna Woodruff. (Doc. Nos. 1, 9, 15). Defendants Barberton Municipal Court, Judge McKenney, Magistrate Peck, Carr, Woodruff, and Reed filed a motion to dismiss (Doc. No. 13), which Plaintiff opposes (Doc. Nos. 14, 17). Plaintiff seeks monetary relief.

---

[1] Misspelled in the complaint, the Court recognizes the correct spelling as "McKenney."

## II. Background

Plaintiff's complaint is convoluted and largely incomprehensible. Plaintiff states that he has been "falsely accused" and "intimidate[d]" into giving money "that plaintiff never asked or received any money from ... Anthony Board of $15,000 to give to any attorneys for his son Anthony Board, Jr." (Doc. No. 1 at 7). Plaintiff appears to allege that Board is threatening him for money for Board Jr.'s legal expenses. Plaintiff states that he refunded $2,200 to "little Anthony" and "this is the only money I have ever seen no $15,000." (*Id.*). In a conclusory fashion, Plaintiff states that Board and his attorney, Gambrell, lied to get a complaint filed against him (apparently referencing a state court action in Barberton Municipal Court), and the defendants' action constituted "defamation of character and slander ... and filing false and perjury." (*Id.* at 7-9). Plaintiff then complains about actions taken by Barberton Municipal Court, Judge McKenney, and Magistrate Peck in the state court action, including Magistrate Peck's order for a response and both judicial officer's failure to schedule a hearing. (*Id.* at 6, 8). Plaintiff also states that the Ohio Court of Claims should be "held accountable in this civil action" because the state courts deprived him of his constitutional right to represent himself in state court "and constitutional 42 U.S.C. § 1983." (*Id.*). There are no allegations in the complaint against Reed, Carr, and Woodruff.

In the "Jurisdiction" section of the complaint, Plaintiff claims the defendants violated the following statutes: 42 U.S.C. § 3617 (Interference, coercion, or intimidation); 28 U.S.C. § 1654 (Appearance personally or by counsel); "CPC 518 Pen Code § 519"; and "18 U.S. Code 41 extortion and threats." (Doc.. No. 1 at 5).

### III. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

In reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (citing *Twombly*, 550 U.S. at 596). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d

426, 437 (6th Cir. 2008). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

Furthermore, it is well-established that the federal courts "are under an independent obligation to examine their own jurisdiction" in cases before them. *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006). Concerning Plaintiff's claims against the defendants who have not filed a dispositive motion, the Court is permitted to conduct a limited screening and to dismiss, *sua sponte*, a fee-paid complaint under Federal Rule of Civil Procedure 12(b)(1) "for lack of subject matter jurisdiction" when its allegations are so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)). The requirement "that a plaintiff be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of jurisdiction pursuant to *Hagans*." *Id.* (citing *Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983)).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing Haines, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or

construct claims on a *pro se* plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### IV. Discussion

As an initial matter, Plaintiff's complaint against Reed, Carr, and Woodruff fails to meet the basic pleading requirements because Plaintiff failed to identify how these defendants were personally involved in the alleged civil rights violations. It is a basic pleading requirement that a plaintiff attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). And the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter*, 532 F.3d at 577; *Beaudett*, 775 F.2d at 1277-78.

Where, as here, Reed, Carr, and Woodruff are named as defendants without allegations of discernible specific conduct relating to Plaintiff's purported claim, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Additionally, Plaintiff fails to state a plausible claim under 42 U.S.C. § 1983. To state a claim upon which relief can be granted under Section 1983, a plaintiff must allege that (1) a right

secured by the Constitution or a federal statute has been violated, and (2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To be considered to have acted "under color of state law" for purposes of Section 1983, generally, a person must be a state or local government official or employee. A private party may be found to have acted under color of state law only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974).

Here, Defendants Anthony Board and Anthony Board, Jr. are private parties, not government officials or entities. And there is no suggestion on the face of the complaint that Defendants were acting on behalf of, or obtaining significant aid from, the state such that their conduct was considered state action. Nor does Plaintiff allege any facts suggesting that Defendants exercised a power that is reserved exclusively for the State of Ohio. Additionally, Attorney Gambrell is not a state actor subject to suit under Section 1983. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *see Otworth v. Vanderploeg*, 61 F. App'x 163, 166 (6th Cir. 2003) (noting that "private attorneys representing private citizens . . . [are] not acting under color of state law"). Plaintiff's complaint contains no allegations that Gambrell acted under color of state law.

-6-

Furthermore, Judge McKenney and Magistrate Peck are immune from a Section 1983 suit for money damages. "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Absolute judicial immunity shields judicial officers from civil suits for damages arising out of the performance of their judicial functions even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judicial immunity is overcome in only two circumstances: (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity" and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Plaintiff purports to object to rulings or decisions made by Judge McKenney and Magistrate Peck in the course of the court proceedings in Barberton Municipal Court. Plaintiff did not allege, and the record does not otherwise show, that the judicial defendants acted in a non-judicial capacity or in the complete absence of all jurisdiction. Judge McKenney and Magistrate Peck are therefore entitled to absolute judicial immunity *See Hall v. G.M.S. Mgmt. Co., Inc.*, No. 1: 21 CV 1564, 2021 U.S. Dist. LEXIS 233545, *6 (N.D. Ohio Dec. 7, 2021) (finding Judge McKenney and Magistrate Peck absolutely immune from liability for their rulings or conduct during the performance of their official judicial functions in the Barberton Municipal Court eviction action).

Finally, Plaintiff fails to state a Section 1983 claim against the Barberton Municipal Court and the Ohio Court of Claims. Absent express statutory authority, courts are not *sui juris*, meaning they are not an entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Black v. Montgomery Cnty. Comm. Pl. Ct.*,

No. 3:18-cv-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018). And even if Plaintiff's claims against the Court of Claims could be construed against the State of Ohio, the Eleventh Amendment is an absolute bar to suits for damages against the State. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

To the extent Plaintiff attempts to bring claims under the miscellaneous statutes he incorporates into his jurisdictional statement, he fails to state a plausible claim for relief. 42 U.S.C. § 3617, titled "Interference, coercion, or intimidation," prohibits retaliation against any person for the exercise of his rights under the Fair Housing Act. *See Garner v. Cleveland Metro. Hous. Auth. Asset Mgmt. Team*, No. 1:15 CV 2448, 2016 U.S. Dist. LEXIS 11582, *10 (N.D. Ohio Feb. 1, 2016). There is no suggestion on the face of Plaintiff's complaint of an allegation of a violation of the Fair Housing Act. Plaintiff also cites to "CPC 518 Pen Code § 519", which appears to be a citation to the California Penal Code governing extortion. This California law does not apply in Ohio. Additionally, Plaintiff cites to "18 U.S. Code 41 extortion and threats." The Court liberally construes Plaintiff's citation to be to Title 18, Chapter 41, Extortion and threats (§§ 871-880). This statute is a criminal statute and does not provide a private cause of action. *See Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 U.S. Dist. LEXIS 119867, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) (claims under 18 U.S.C. § 872 (extortion), a criminal statute, provide no cause of action to civil plaintiffs) (citing *U.S. v. Oguaju*, 76 F. App'x 579, 2003 WL 21580657, at *2 (6th Cir. 2003)). Plaintiff therefore lacks standing to commence a federal criminal action against defendants for threats or extortion. *See Poole v. CitiMortgage, Inc.*, Civil Action No. 14-CV-10512, 2014 U.S. Dist. LEXIS 135488, 2014 WL 4772177, at *5 (E.D. Mich. Sept. 24, 2014) (a private citizen lacks standing to initiate criminal proceedings)

(citing among authority *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)). Finally, Plaintiff cites to 28 U.S.C. § 1654. To the extent he alleges the defendants interfered with his ability to appear *pro se* or by counsel in the state court action, his allegations are too vague and conclusory to state a plausible claim.

To the extent Plaintiff alleges any state law claims, the Court declines to exercise supplemental jurisdiction. District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). The Court finds that the balance of considerations weighs against the exercise of supplemental jurisdiction over Plaintiff's state law claims, which are better resolved by the Ohio courts.

## V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 13) is granted pursuant to Fed. R. Civ. P. 12(b)(6). Any claims against Anthony Board, Anthony Board, Jr., Hanne-Lore Gambrell, and the Ohio Court of Claims are dismissed pursuant to *Apple v. Glenn*. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

DATED: August 21, 2024

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge